

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,718-01

### EX PARTE DAVID LEN MOULTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2008F00339-A IN THE 5TH DISTRICT COURT FROM CASS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. The Sixth Court of Appeals reversed the judgment of conviction. *Moulton v. State*, 360 S.W.3d 540 (Tex. App.—Texarkana 2011). We reversed the judgment of the court of appeals. *Moulton v. State*, 395 S.W.3d 804 (Tex. Crim. App. 2013).

Applicant now contends, among other things, that trial counsel failed to object on Confrontation Clause grounds when affidavits the medical examiner relied on were read to the jury, request a limiting instruction after the affidavits were read to the jury, and request a continuance after

the State disclosed the affidavits during trial.

On June 22, 2016, we remanded this application for a second response from trial counsel and further findings of fact and conclusions of law. On February 8, 2017, we received the trial court's supplemental findings and conclusions, but counsel's response[1] was not forwarded with the supplemental record. Accordingly, the trial court shall order the District Clerk to forward counsel's response to this Court.

This application will be held in abeyance. Counsel's response shall be forwarded to this Court within 30 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 1, 2017
Do not publish

---

[1] According to the supplemental findings and conclusions, counsel filed a second affidavit and a supplement to that affidavit.